IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:11-CV-103-FL

| | | |
|---|---|---|
| SODEXO OPERATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND** |
| | ) | **RECOMMENDATION** |
| COLUMBUS COUNTY BOARD OF | ) | |
| EDUCATION d/b/a Columbus | ) | |
| County Schools, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 18) by plaintiff and counterclaim defendant Sodexo Operations, LLC ("plaintiff"), pursuant to Fed. R. Civ. P. 56(a), for summary judgment in its favor on each of the three claims raised in its complaint and on the counterclaim of defendant and counterclaim plaintiff Columbus County Board of Education ("defendant").[1] The motion has been fully briefed,[2] and it was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* 1 May 2012 docket entry). For the reasons set forth below, it will be recommended that plaintiff's motion for summary judgment be denied without prejudice.

---

[1] Also before the court is the motion (D.E. 22) by defendant to strike portions of an affidavit plaintiff submitted with its motion for summary judgment. This motion will be addressed by separate order entered contemporaneously herewith.

[2] In support of its motion, plaintiff filed a memorandum (D.E. 19) and exhibits (D.E. 20, 20-1 through 20-4, and 21-1 through 21-4). Defendant filed a memorandum in opposition (D.E. 25) and exhibits (D.E. 24, 24-1), and plaintiff filed a reply (D.E. 31).

## BACKGROUND

This action arises from a dispute between the parties over a contract wherein plaintiff agreed to provide food service management services for defendant's Child Nutrition Program[3] ("program") for a 12-month period beginning 1 July 2009. (Compl. (D.E. 4) ¶ 5; Ans. (D.E. 10) ¶ 5). The contracting process was initiated when defendant issued a "Request for Proposals and Subsequent Contract" ("RFP"). (Compl. ¶ 5; Ans. ¶ 5). The response submitted by plaintiff to the RFP ("response") was accepted by defendant, and the contract was subsequently executed by the parties. (Compl. ¶ 6; Ans. ¶ 6). Following the expiration of the contract period, plaintiff submitted to defendant a final invoice of $175,317.03, which defendant refused to pay. (Compl. ¶¶ 10, 11; Ans. ¶¶ 10, 11). The grounds for defendant's refusal was that plaintiff owed defendant $59,213.00 for a loss sustained by the program, which defendant contends is a breach of a "break-even" guarantee provision of the contract. (Ans. ¶ 11, Ex. C). This guarantee provided that the revenues collected in the program must exceed expenditures by a specified amount and that plaintiff was obligated to pay to defendant any shortfall. (RFP (D.E. 21-1) at 43).[4]

In its complaint, plaintiff asserts the following claims arising from defendant's refusal to pay the final invoice: (1) account stated; (2) breach of contract; and (3) declaratory judgment (Compl. ¶¶ 16-40). Plaintiff seeks the following relief: (1) payment on the account, or, in the alternative, damages for breach of contract, in the amount of $175,317.03, together with late fees and interest; (2) a judgment declaring that plaintiff complied with the terms of the contract and is owed the amount claimed above, and that defendant is in breach for having withheld payment on

---

[3] The term "Child Nutrition Program" is defined in the contract as "the preparation and service of food to . . . students, staff, employees and authorized visitors. The Child Nutrition program may include, but is not necessarily limited to the National School lunch Program, the School Breakfast Program, the After School Snack program, the Seamless Summer Food Service Program, catering services and ala carte food service." (D.E. 21-1 at 14).

[4] All page citations to exhibits will be to the page numbers assigned by the court's CM/ECF electronic filing system.

the final invoice; (3) attorneys' fees and costs; and (4) other relief the court deems just and equitable. (*Id.* at 6-7). In its answer, defendant asserts a counterclaim for breach of contract due to plaintiff's refusal to pay the program loss amount of $59,213.00 pursuant to the break-even guarantee.

## DISCUSSION

### I.   STANDARD OF REVIEW

It is well established that a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).[3] In analyzing whether there is a genuine issue of material fact, all facts and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996).

The burden is on the moving party to establish the absence of genuine issues of material fact and "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323; *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."). If the movant meets its burden, then the non-moving party must provide the court with specific facts demonstrating a genuine issue for

---

[3] Although Rule 56 was amended in December of 2010, the standard for summary judgment remains unchanged by this amendment. *Peters-Martin v. Navistar Intern. Transp. Corp.,* 410 Fed. Appx. 612, 619 n.5 (4th Cir. 2011) ("Recent amendments to the Federal Rules of Civil Procedure, which became effective on December 1, 2010, moved the relevant language from section (c)(2) of Rule 56 to its present location in section (a).  However, the advisory committee's note indicates that, despite these amendments, '[t]he standard for granting summary judgment remains unchanged.'") (citing Fed. R. Civ. P. 56 advisory committee's note).

trial in order to survive summary judgment. *Celotex*, 477 U.S. at 323. The non-moving party is not permitted to rest on conclusory allegations or denials, and a "mere scintilla of evidence" will not be considered sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

When a court determines that a party has "fail[ed] to support an assertion of fact or properly support an assertion of fact or fails to properly address another party's assertion of fact" as required by the Rule, it has the following options:

(1)     give an opportunity to properly support or address the fact;

(2)     consider the fact undisputed for purposes of the motion;

(3)     grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it; or

(4)     issue any other appropriate order.

Fed. R. Civ. P. 56(e).

## II.     PARTIES' FAILURE TO PROPERLY SUPPORT FACTUAL ASSERTIONS

After careful, detailed review of the parties' respective filings in support of and in opposition to the motion for summary judgment, the court concludes that the parties have each failed to properly support their respective assertions of fact by not submitting a complete copy of the contract for the court's review. As plaintiff succinctly explains in its memorandum, "This litigation concerns whether [plaintiff] met a 'break-even' requirement of the [RFP]." (Pl.'s Mem. at 2). Whether or not plaintiff satisfied the break-even guarantee is central not only to plaintiff's claim for payment of the final invoice, but also to defendant's counterclaim for payment of the alleged guarantee shortfall. Thus, a determination of whether plaintiff is entitled to summary judgment would require the court's review of at least those portions of the contract that govern plaintiff's obligations under the guarantee provision and the method by which

plaintiff's satisfaction of that obligation is determined. The parties have failed to provide these material portions of the contract for the court's review.

In support of its motion, plaintiff submitted what appears to be a complete copy of the RFP (D.E. 21-1 to 21-4)[5] that was issued by defendant. The RFP provides repeatedly that the contract between the parties is comprised of both the RFP and the plaintiff's response to the RFP. Specifically, paragraph G of the General Information section of the RFP states, "The submitted RFP, including all attachments and all documents submitted by the offeror [*i.e.*, plaintiff], will become the official Contract when approved, awarded and signed." (RFP (D.E. 21-1) at 6). In the definitions section of the RFP, the terms "Agreement" (*id*. at 14)[6] and "Contract" (*id*. at 15)[7] are, again, each defined to include the RFP and the response to the RFP. Thus, it is clear, and the parties do not dispute, that the entire contract between the parties includes both the RFP and the response to the RFP.

Nevertheless, with the exception of two, one-page exhibits submitted by plaintiff (*see* "Attachment C – Financial Assumptions, D.E. 20-4 at 2; "Attachment G – Commodity Plan, D.E. 30-1 at 6),[8] the parties have failed to provide the court with a copy of plaintiff's response to the RFP. Without this document, the court is unable to address the merits of the plaintiff's motion and defendant's opposition to it.

---

[5] The RFP was filed in four parts at D.E. 21-1 to 21-4. Each reference to the RFP herein will include the D.E. containing the portion of the RFP being cited.

[6] The term "Agreement" is defined as follows: "All terms and conditions provided by the SFA [*i.e.*, defendant] in the RFP and FSMC's [*i.e.*, plaintiff's] written responses to the RFP." (RFP (D.E. 21-1) at 14).

[7] The term "Contract" is defined as "a formal, legally enforceable agreement duly executed by the authorized representative of the SFA and the FSMC. The SFA's RFP and the contractor response to the RFP are made a part of the final contract document." (RFP (D.E. 21-1) at 15).

[8] Although these two documents are labeled in handwriting as "Attachment C" and "Attachment G," it is not clear whether these pages constitute the entirety of the respective attachments or merely excerpts.

For example, a determination of whether plaintiff met the break-even guarantee requires reference to the guarantee provision in the RFP, which provides as follows:

> The FSMC[9] [*i.e.*, plaintiff] guarantees revenues in excess of expenditures to the SFA[10] [*i.e.*, defendant] in the *amount stated in this contract*. The revenues in excess of expenditures shall be determined by the annual independent audit conducted by the audit firm contracted with by the SFA. The revenues in excess of expenditures shall be based on all revenues and expenses set forth in *Exhibit B, the "Food Service Budget"* and any other necessary revenues or expenses generated or incurred in the operation of the SFA's nonprofit school foodservice program. In the event that the actual revenues in excess of expenditures (total revenue from all sources less Total Food Service Cost, *including the management fee described in Attachment C, Meal Equivalency Table)*[11] is below the guaranteed amount, the FSMC shall pay to the SFA any shortfall within 30 days of the determination by the SFA of the amount of the shortfall.

(RFP (D.E. 21-1) at 43) (emphasis added). In accordance with this provision, a determination of plaintiff's guarantee obligation depends, *inter alia*, on the management fee specified in plaintiff's response to the RFP, the revenues and expenses found in the Food Service Budget,[12] and the specific amount by which revenues must exceed expenditures for the guarantee to be satisfied. The parties have failed to provide the portion of the contract—the response—that includes this information.

For the foregoing reasons, the court concludes that the parties have failed to properly support their respective factual assertions in support of and in opposition to the motion for summary judgment as required by Fed. R. Civ. P. 56(c)(1). Justice dictates, however, that they

---

[9] "FSMC" is the abbreviation used in the RFP to refer to the "Food Service Management Company" responding to the RFP. (RFP (D.E. 21-1) at 17).

[10] "SFA" is the abbreviation used in the RFP to refer to the "School Food Authority" issuing the RFP. (RFP (D.E. 21-1) at 18).

[11] The RFP requires a specific format for the response, which includes at least 20 attachments. (*See* RFP (D.E. 21-4) at 5). One of these attachments is "Attachment C – Calculation of Management fee based on Meal Equivalents." (*Id.*).

[12] The RFP does contain a blank form titled "Food Service Budget," which it recommends for use in preparation of a response to the RFP.

be permitted another opportunity to litigate the issues presented. Therefore, in accordance with Rule 56(e)(1), it will be recommended that the motion for summary judgment be denied without prejudice to plaintiff's refiling it, subject to various terms specified below, including submission of a complete copy of the contract with the renewed motion. *See Dill v. Corr. Med. Servs.*, No. 1:10-cv-00350-BLW, 2012 WL 827227, at *2 (D. Idaho 9 Mar. 2012) (denying defendant's motion for summary judgment without prejudice to its right to refile to allow plaintiff an opportunity to submit factual support on an issue pursuant to Rule 56(e)(1)); *see also Ries v. Arizona Beverages USA LLC*, No. 10-01139 RS, --- F.R.D. ----, 2012 WL 5975247, at *8 (N.D. Cal. 27 Nov. 2012) (denying in part without prejudice defendant's motion for summary judgment to provide plaintiffs, pursuant to Rule 56(e)(1), an opportunity to submit supplemental briefing on a factually intensive issue); *Jackson v. Metro. Council HRA Mgmt Ass'n,* No. 10-2370 (JRT/JJG), 2012 WL 4470438, at *5 (D. Minn. 27 Sept. 2012) (overruling plaintiff's objection to magistrate judge's having permitted defendant to refile an affidavit supporting its motion for summary judgment in proper form pursuant to Rule 56(e)(1)); *Linzy v. Sara Lee Corp.,* No. 1:10-CV-277-SA-DAS, 2012 WL 1190907, at *2 (N.D. Miss. 10 April 2012) (noting that earlier in the case the court had invoked Rule 56(e)(1) to permit plaintiff an opportunity to properly address a factual argument in opposition to defendant's motion for summary judgment).

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the court enter an order providing as follows:

1.     Plaintiff's motion for summary judgment (D.E. 18) be DENIED WITHOUT PREJUDICE to plaintiff's refiling it on the terms specified below.

2.      Any such renewed motion by plaintiff be filed within 30 days after entry of any order adopting the recommendation herein.

3.      Plaintiff file with any renewed motion a complete copy of the contract at issue, including specifically plaintiff's response to the RFP.

4.      The parties support the factual assertions in their respective memoranda on any renewed motion by plaintiff as required Rule 56(c)(1), subject to the court's possible exclusion of uncited or inadequately cited material from its consideration of the motion pursuant to Rule 56(c)(3).

IT IS DIRECTED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 20 February 2013 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.  Any responses to objections shall be filed within 14 days after service thereof on the responding party.

SO ORDERED, this 6th day of February 2013.


_____
James E. Gates
United States Magistrate Judge