IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:11-CV-103-FL

| | | |
|---|---|---|
| SODEXO OPERATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| COLUMBUS COUNTY BOARD OF | ) | |
| EDUCATION d/b/a Columbus | ) | |
| County Schools, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 22) by defendant and counterclaim plaintiff Columbus County Board of Education ("defendant") to strike portions of an affidavit plaintiff and counterclaim defendant Sodexo Operations, LLC ("plaintiff") filed in support of its motion for summary judgment (D.E. 18). The motion has been fully briefed[1] and was referred to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* 1 May 2012 docket entry). For the reasons set forth below, the motion will be denied without prejudice.

This action involves a dispute between the parties over a contract wherein plaintiff agreed to provide food service management services for defendant's school child nutrition program. (Compl. (D.E. 2) ¶ 5; Ans. (D.E. 10) ¶ 5). On 1 March 2012, plaintiff filed a motion for summary judgment, which was referred to the undersigned for a memorandum and recommendation. (*See* 1 May 2012 docket entry). In support of the motion for summary judgment, plaintiff filed the affidavit of Deborah McLaughlin (D.E. 20), who is employed as a

---

[1] Defendant filed a memorandum (D.E. 23) and one exhibit (D.E. 22-1) in support of its motion, and plaintiff filed a memorandum (D.E. 30) and two exhibits (D.E. 30-1, 30-2) in opposition.

district manager for plaintiff. (McLaughlin Aff. ¶ 2). The instant motion seeks to strike portions of the affidavit on the grounds that they are either not based on personal knowledge or are inadmissible hearsay. In response to the motion, plaintiff filed a supplemental affidavit of McLaughlin that appears to address directly most of the concerns raised by defendant in its motion. (*See* McLaughlin Supp. Aff. (D.E. 30-1)). Plaintiff also filed the affidavit of another of its employees to provide further corroboration of portions of McLaughlin's affidavit. (*See* Crudup Aff. (D.E. 30-2)).

Contemporaneously herewith, the undersigned is entering a memorandum and recommendation on plaintiff's motion for summary judgment recommending that the motion be denied without prejudice to plaintiff's refiling it with further factual support. In light of this recommendation on plaintiff's motion for summary judgment, and the possibility that the supplemental affidavit of McLaughlin and the additional affidavit of Crudup may have addressed the objections raised by defendant in its motion to strike, defendant's motion to strike is DENIED WITHOUT PREJUDICE to defendant's refiling it, if appropriate, after disposition by the District Judge of the memorandum and recommendation on plaintiff's motion for summary judgment.

SO ORDERED, this 6th day of February 2013.

James E. Gates
United States Magistrate Judge